BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

**08 CIV 11326**

| |
|---|
| LAND AIR & SEA TRANSPORT LTD., |
| Plaintiff, |
| -against- |
| DREYMOOR FERTILIZERS OVERSEAS PTE. LTD., |
| Defendant. |

**VERIFIED COMPLAINT**

Plaintiff, LAND AIR & SEA TRANSPORT LTD. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, DREYMOOR FERTILIZERS OVERSEAS PTE. LTD. ("Defendant"), alleges upon information and belief as follows:

1.   This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.   At all material times, Plaintiff was and is a Gibraltar company with an office at Suite 2A, Eurolife Building, 1 Corral Road, Gibraltar.

3.   At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of Singapore or another foreign nation with an office at 1 Temasek Avenue #27-01 Singapore 039192 with no place of business in the United States.

900200.00001/6697095v.1

4. By a charter party dated on or about June 12, 2008 ("the Charter"), Plaintiff chartered the M/V BM FREEDOM ("the Vessel") to Defendant to carry bulk DAP ("the Cargo") from Klaipeda, Lithuania, to Kakinada, India.

5. The Charter provides that 95% of the freight is to be paid in "US currency latest within two banking days after completion of loading" with the remaining "5% balance of freight together with demurrage / dispatch of mutually agreed calculations to be paid latest w/i 15 banking days."

6. The Charter provides that freight is "deemed earned discountless" during the voyage.

7. The Vessel sailed from the discharge port at Kakinada on September 4, 2008.

8. Notwithstanding the fact that the Vessel sailed from Kakinada on September 4, 2008 and 5% freight is to be paid "latest within 15 banking days," it still remains outstanding.

9. On or about October 14, 2008, Defendant submitted a claim to Plaintiff in the amount of US $331,889.20 for water damage to the Cargo and despatch deductions at the load port and discharge port.

10. In breach of the Charter, Defendant has offset the disputed cargo claim against the outstanding freight charges.

11. Defendant owes Plaintiff the 5% balance of freight in the sum of $215,325.94, less undisputed despatch in the amount of $75,346.08, totaling $139,979.86.

12. In breach of the Charter, Defendant failed to pay outstanding freight in the sum of **$139,979.86**, which remains unpaid, despite due demand.

13.     The Charter provided for arbitration of disputes in London with English law to apply. The parties are arbitrating their disputes in London and Plaintiff reserves its right to do so, pursuant to 9 U.S.C. §8.

14.     Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $29,395.77 at a rate of 7% per year for at least 3 years; recoverable arbitral costs and legal expenses will be incurred in pursuing its claim against Defendant in the sum of at least $30,000 amounting in all to recoverable interest and expenses of at least $59,395.77.

15.     The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$199,375.63.**

16.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

17.     In carrying out its international business activities, Defendant makes transfers in U.S. dollars. For example, prior to its breach, Defendant remitted funds to Plaintiff by dollar-denominated electronic funds transfers from its accounts at foreign banks to Plaintiff's account at Intesa Sanpaolo Bank in Italy. These transfers were cleared by intermediary banks in New York. For example, a remittance was paid from Defendant's account at Bayerische Hypo und Vereins-

bank, Munchen, Germany to Plaintiff's bank account at Intesa San Paolo S.P.A., Italy which were cleared by banks in New York, including, but not limited to JP Morgan Chase.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **$199,375.63** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action.

D. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

  E.  That Plaintiff may have such other, further and different relief as may be just and

proper.

Dated: New York, NY
    December 24, 2008

               Respectfully submitted,
               BLANK ROME, LLP
               Attorneys for Plaintiff

               By _____
                 LeRoy Lambert (LL-3519)
               The Chrysler Building
               405 Lexington Avenue
               New York, NY 10174-0208
               (212) 885-5000
               llambert@blankrome.com

VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
24th day of December, 2008

_____
Notary Public

KARL V REDA
Notary Public, State of New York
No. 30 4780...    Nassau Cty.
Certificate...    New York County
Commission Ex...
Nov. 30, 2009

900200.00001/6697095v.1          6

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAND AIR & SEA TRANSPORT LTD,<br><br>                                           Plaintiff,<br><br>          -against-<br><br>DREYMOOR FERTILIZERS OVERSEAS PTE. LTD.,<br><br>                                           Defendant. | 08 Civ.<br><br>**AFFIDAVIT PURSUANT TO**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                                    ) ss:
COUNTY OF NEW YORK )

LeRoy Lambert, being duly sworn, deposes and says:

1.      I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant DREYMOOR FERTILIZERS OVERSEAS PTE. LTD. ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2.      Defendant is a party to the maritime contract of charter party on which this claim

is based, and is a foreign corporation or other business entity organized and existing under the laws of Singapore or another foreign jurisdiction.

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

LeRoy Lambert

Sworn to before me this
24th day of December, 2008

Notary Public

Nov-30, 2009

2

900200.00001/6697137v.1